107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Krishendat SUKHNANAN, Plaintiff-Appellant,
v.
TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY Defendant-Appellee.
 No. 96-7479.
 United States Court of Appeals, Second Circuit.
 Feb. 20, 1997.
 
 Appearing for Appellant: Krishendat Sukhnanan, pro se, New York, NY
 Appearing for Appellee: Robert M. O'Brien, General Counsel, Triborough Bridge and Tunnel Authority, New York, NY
 PRESENT: HON. JOSEPH M. MCLAUGHLIN, HON. GUIDO CALABRESI HON. DONALD P. LAY,* Circuit Judges.
 ORDER
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Preska, J.), it is hereby
 
 
 1
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 2
 Krishendat Sukhnanan, pro se and in forma pauperis, appeals from a judgment of the United States District Court for the Southern District of New York (Preska, J.), granting the motion of the defendant Triborough Bridge and Tunnel Authority ("TBTA") for summary judgment and dismissing Sukhnanan's employment discrimination action. We affirm for substantially the reasons given below.
 
 
 3
 In September 1993, Sukhnanan, a former probationary employee of the TBTA of Trinidadian origin, filed an employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964 against the TBTA. In his complaint, Sukhnanan alleged that he was terminated from his position as a probationary maintenance worker because of race, color, and national origin discrimination.
 
 
 4
 The TBTA responded that Sukhnanan was terminated for unsatisfactory performance. It stated, inter alia, that Sukhnanan failed on two separate occasions to follow the appropriate notification procedures when missing a day of work, and that he was notified by the TBTA of these rule infractions. The TBTA also maintained that, on another occasion, during a power failure at the Bronx-Whitestone Bridge, Sukhnanan acted improperly by not reporting to his superior for an assignment. To substantiate its claims, the TBTA submitted a memorandum, endorsed by Sukhnanan, to the effect that the TBTA considered him to have been absent without leave. The TBTA also submitted a copy of Sukhnanan's endorsed probationary report, in which the TBTA recommended his termination.
 
 
 5
 The district court granted the TBTA's motion for summary judgment because it found that Sukhnanan failed to satisfy his de minimis burden of establishing a prima facie case of employment discrimination. Judgment was entered on April 16, 1996. This appeal ensued.
 
 
 6
 We subject a district court order granting summary judgment to de novo review. Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ., 42 F.3d 719, 722 (2d Cir.1994), cert. denied, 115 S.Ct. 2612 (1995). Under Title VII, "a plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). One of the required elements of a prima facie case is that the plaintiff show that he "was performing his duties satisfactorily." Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir.1994). This the plaintiff cannot do. Sukhnanan failed to produce any evidence to rebut the TBTA's claims that he was repeatedly absent and that he was notified of his improper behavior. His response that he performed satisfactorily did not create an issue of material fact as to his absences. Given that Sukhnanan failed to satisfy a required element of the prima facie case, the district court properly dismissed his complaint.
 
 
 7
 We have examined all of the defendant's contentions and find them to be without merit. The district court's judgment is therefore affirmed.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation